UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHANDRA JOSEPH-LACET, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>NATIONSTAR MORTGAGE LLC, )<br>       Defendant. ) | CIVIL ACTION NO. 1:16-cv-11906-GAO |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

Defendant Nationstar Mortgage LLC ("Nationstar") has filed a Motion to Dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of res judicata. This Memorandum is filed in support of the Motion.

For the second time in a year, Plaintiff Chandra Joseph-Lacet ("Plaintiff") has filed the same baseless litigation against Nationstar to try and delay the foreclosure sale of the property located at 30 Cedar Street, Mattapan, MA 02126 ("Property"). The first time, in an action titled, *Chandra Joseph-Lacet v. Nationstar Mortgage, Bank of America*, Civil Action No. 1:15-cv-13648-GAO ("First Action"), Plaintiff acknowledged that she failed to pay her mortgage "for many years", but nevertheless, in a pretext designed to solely create delay, alleged without any factual basis, that her account was improperly charged for what were otherwise customary costs associated with a loan in default (i.e., force placed insurance, lender advanced real estate taxes) and alleged a string of woefully pled claims for (i) breach of G.L. c. 93A; (ii) breach of G.L. c. 271, § 49 and "other Massachusetts and Federal Predatory Lending Laws"; and (iii) "Breach of contract, Fraud and Violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692." Acting on Nationstar's unopposed motion to dismiss, on February 22, 2016, this Court (O'Toole, U.S.D.J.) dismissed the First Action and Nationstar thereafter proceeded with its efforts to

1

foreclose on the Property. Those efforts continued through August 2016, when Nationstar notified Plaintiff that the foreclosure sale would occur on September 13, 2016. In a further attempt to delay the sale, Plaintiff filed the instant action ("Second Action") with the Suffolk County Superior Court ("Superior Court") on September 12, 2016, and in so doing re-alleged, verbatim, the <u>exact same</u> facts along with the <u>exact same</u> claims that were dismissed by this Court (O'Toole, U.S.D.J.) in February 2016 without appeal.

Since the First Action between Plaintiff and Nationstar resulted in a final judgment on the merits of the same three claims that are being pled in the Second Action, those claims are barred by the doctrine of res judicata. As such, the Second Action must be dismissed with prejudice.

## II.  **FACTS AND PROCEDURE RELEVANT TO RES JUDICATA ANALYSIS**

**The First Action**

1.  On or about September 24, 2015, Plaintiff filed a complaint against Nationstar and Bank of America ("BOA")("First Action Complaint") with the Superior Court. A true and accurate copy of the First Action Complaint is attached hereto as Exhibit A.[1]

2.  The First Action Complaint alleged four claims against Nationstar and BOA, jointly, for (Count I) "Breach of Contract, Fraud, and Violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692; (Count II) "Bad Faith, Unfair and Deceptive Acts in Violation of G.L. c. 93A"; (Count III) "Violation of M.G.L. c. 271, sec. 49, Other Massachusetts and Federal Predatory Lending Laws and Other Laws and Other Laws and Regulations"; and (Count IV) "Infliction of Emotional and Mental Distress". *See* Exhibit A.

---

[1] This Court may take judicial notice of the public records on file with the Superior Court for purposes of this motion. *See e.g. Boateng v. InterAmerican Univ., Inc.*, 2010 F.3d 56, 60 (1st Cir. 2010)("a court may treat documents form prior state court adjudication as public records").; *see also Giragsian v. Ryan*, 547 F. 3d 59, 66 (1st Cir. 2008)(court may consider matters of public record when deciding Rule 12(b)(6) motion and such matter "ordinarily include documents from prior state court adjudications").

3. On or about October 26, 2015, the First Action Complaint was removed to this Court. A true and accurate copy of the Docket Report from the First Action is attached as Exhibit B.

4. On or about December 2, 2015, Nationstar and BOA filed a motion to dismiss along with an accompanying memorandum of law pursuant to Fed. R. Civ. P. 12(b)(6) ("First Action Motion to Dismiss"). The First Action Motion to Dismiss thoroughly addressed the legal and factual shortcomings of the four claims set forth in the First Action Complaint. A true and accurate copy of the First Action Motion to Dismiss is attached as Exhibit C.[2]

5. Plaintiff's counsel did not file an opposition to the First Action Motion to Dismiss. *See* Exhibit B.

6. On or about February 22, 2016, this Court (O'Toole, U.S.D.J.) granted the First Action Motion to Dismiss. No appeal was taken from the dismissal of the First Action. A true and accurate copy of the Judgment of Dismissal from the First Action is attached as Exhibit D; *see also* Exhibit B, [ECF No. 13-14].[3]

**The Second Action**

7. On or about September 12, 2016, Plaintiff, through counsel, commenced the Second Action by filing a complaint ("Second Action Complaint") with the Superior Court. A true and accurate copy of the Second Action Complaint is attached hereto as Exhibit E.

---

[2] This Court may consider the publicly available pleadings and motions filed in the First Action in ruling on this motion. *See e.g. Cordell v. Howard*, 879 F.Supp.2d 145, n. 3 (D.Mass. 2012), *citing to Silva v. City of New Bedford, Mass.*, 677 F.Supp.2d 367, 369 (D.Mass. 2009)("where a motion to dismiss raises the defense of res judicata, court may consider record in the earlier action"); *see also Hudson v. MacEachern*, 94 F.Supp. 3d 59, 66 (D.Mass. 2015)("Defendants attached to their Motion to Dismiss a complaint filed in Middlesex County Superior Court by Hudson, as well as a memorandum and order dismissing that case on the defendants' motion for judgment on the pleadings. Documents from prior state court adjudications are matter or public record and, as such, are appropriate for consideration on a motion to dismiss").

[3] The Court is entitled to take judicial notice of its own orders from the First Action in ruling on this motion. *See e.g. Lopes v. Riendeau*, C.A. No. 14-10679-NMG, 2016 WL 1290349, * (D.Mass., Mar. 30, 2016)("A court may also take judicial notice of judicial decisions…This rule allows a court to take judicial notice of its own orders"), *citing to Berrios-Romero v. Estado Libre Asociado de Puerto Rico*, 641 F.3d 24, 27 (1st Cir.2011)("District Court was entitled to take judicial notice of prior opinions to establish the procedural history of the case").

8. The allegations and claims in the Second Action Complaint re-allege, verbatim, the allegations and claims previously set forth in the First Action Complaint. Specifically, the Second Action Complaint re-alleges the claims for (Count I) "Breach of Contract, Fraud and Violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692"; (Count II) "Bad Faith, Unfair and Deceptive Acts in Violation of M.G.L. c. 93A"; and (Count III) "Violation of M.G.L. c. 271, sec. 49, Other Massachusetts and Federal Predatory Lending Laws and Other Laws and Regulations[.]" *See* Exhibit A, E.

9. The Second Action was removed to this Court on September 20, 2016. [ECF No. 1].

10. Nationstar's foreclosure sale of the Property is currently scheduled for September 30, 2016.

### III. ANALYSIS

#### A. Standard of Review on Res Judicata Based Motion to Dismiss.

"Although res judicata is an affirmative defense that must be pled and proven by [the defendant], in certain circumstances the Court may address res judicata in resolving a motion to dismiss." *MacEachern*, 94 F. Supp. at 65, *citing to Holdings, LLC v. Town of Westminster*, 547 F. 3d 28, 36 (1st Cir. 2008). Indeed, "courts may 'consider res judicata on a motion to dismiss as long as 'there [is] no prejudice to the plaintiff resulting from the procedural format in which the issue of res judicata [is] considered.'" *Britton v. Athenahealth, Inc.*, C.A. No. 13-11826-GAO, 2014 WL 1669168, * 1 (D.Mass. April 28, 2014), *citing to Lynch v. Bd. of State Exam'rs of Electricians*, 218 F. Supp. 2d 3, 6, n. 7 (D.Mass.2002). In order "[f]or res judicata to be ripe at" the motion to dismiss stage, "two requirements must be satisfied." *MacEachern*, 94 F.Supp.3d at 65. "First, 'the facts that the establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, or other matters of which the court may take judicial notice.'" *Id.*, citing to *In re*

4

*Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003). "Second, 'the facts so gleamed must conclusively establish the affirmative defense.'" *Id.*, citing to *Rodi v. S. New Eng. Sch. Of Law*, 389 F.3d 56, 12 (1st Cir.2004). This is to say, in a case involving "a prior adjudication [] in federal court" specifically, the "facts so gleamed must conclusively establish" "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Jones v. Experian Information Solutions, Inc.*, C.A. No. 14-10218-GAO, 2015 WL 4095432, * 4 (D.Mass., July 7, 2015), *citing to Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir.1994); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 16.

**B. The Second Action Complaint must be dismissed with prejudice because it is barred by Res Judicata.**

This is a situation that "quickly and inarguably establishes the presence of [all three] elements of res judicata." *Britton*, 2014 WL 1669168 at * 2. First, the "identity of the parties" element is met because the Plaintiff named Nationstar as a defendant in both the First and the Second Action. *Jones*, 2015 WL 4095432 at * 4; *see also* Exhibit A, E. Second, the "identity of causes of action" element is met because each of the three claims in the Section Action Complaint[4] were alleged, verbatim, in the First Action. *Jones*, 2015 WL 4095432 at * 4; *see also* Exhibit A, E. Moreover, there is no dispute that each of the three claims "grow out of the same transaction, act, or agreement, and seek redress for the same wrong" because all of the facts alleged the Second Action Complaint were previously alleged, word-for-word, in the First Action Complaint. *Britton*, 2014 WL 1669168 at * 2, *citing to Andrew Robinson In't v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008). Lastly, the third element is met because on

---

[4] (Count I) "Breach of Contract, Fraud and Violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692";
(Count II) "Bad Faith, Unfair and Deceptive Acts in Violation of M.G.L. c. 93A"; and
(Count III) "Violation of M.G.L. c. 271, sec. 49, Other Massachusetts and Federal Predatory Lending Laws and Other Laws and Regulations"

5

February 22, 2016, the Court (O'Toole, U.S.D.J.) dismissed First Action on Nationstar's First Action Motion to Dismiss, which operated as "final judgment on the merits" on the three of the claims pled in the Second Action Complaint. *Langadinos v. Board of Trustees of the University of Massachusetts,* C.A. No. 12-11159-GAO, 2013 WL 5507042, * 8 (D.Mass. Sept. 30, 2013); *Andrews-Clarke v. Lucent Technologies, Inc.*, 157 F.Supp.2d 93, (D.Mass. 2001), citing to *Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983).

Accordingly, with "the presence of [all three] elements of res judicata" being "conclusively establish[ed]", the Second Action must be dismissed with prejudice. *Britton*, 2014 WL 1669168 at * 2; *Jones*, 2015 WL 4095432 at* 4.

## IV. CONCLUSION

For the foregoing reasons, Nationstar requests that the Court enter a judgment of dismissal with prejudice, and grant such other and further relief as is proper and just.

Respectfully submitted,

DEFENDANT,
NATIONSTAR MORTGAGE LLC,

By its attorneys,

    */s/ David W. Merritt*
James B. Fox (BBO No. 176520)
Meredith A. Swisher (BBO No. 646866)
David W. Merritt (BBO No. 672400)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA 02210
Tel: (617) 790-3000
Fax: (617) 790-3300
jfox@bg-llp.com
mswisher@bg-llp.com
dmerritt@bg-llp.com

Dated: September 26, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) or sent by first-class mail to any persons indicated as non-registered participants on this date.

Signed under the pains and penalties of perjury this 26th day of September, 2016.

*/s/ David W. Merritt*