UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHANDRA JOSEPH-LACET          )
          *Plaintiff*,          )
                               )
v.                             )          CIVIL ACTION NO.  1:16-cv-11906-GAO
                               )
NATIONSTAR MORTGAGE LLC,       )
          *Defendant*.          )

**DEFENDANT'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In connection with Defendant Nationstar Mortgage LLC's ("Nationstar") Motion to

Dismiss ("Motion"), and pursuant to the Court's (O'Toole, U.S.D.J.) Order dated August 4, 2017

[ECF No. 15], Nationstar provides this brief response to Plaintiff Chandra Joseph-Lacet's

("Plaintiff") Opposition to Defendant's Motion to Dismiss ("Opposition").

I.    **PLAINTIFF'S OPPOSITION RAISES NEW ALLEGATION NOT ALLEGED**
      **IN HER COMPLAINT AND THOSE ALLEGATIONS MUST BE**
      **DISREGARDED BY THE COURT IN RULING ON THE MOTION TO**
      **DISMISS.**

The Motion argues that on account of the February 22, 2016 judgment of dismissal from

this Court (O'Toole, U.S.D.J.) in the action titled *Chandra Joseph-Lacet v. Nationstar Mortgage,*

*et. al.*, C.A. No. 1:15-cv-13648-GAO ("First Action"), Plaintiff's Complaint, based on the same

facts and claims as her complaint from the First Action, is barred under the equitable doctrine of

*res judicata*.  In response, Plaintiff's Opposition posits that her Complaint is based on new facts

that post-date her complaint in the First Action and that her "breach of contract cause of action

pertains to [Nationstar's] proposed modification agreement dated January 29, 2016[.]"  Nowhere,

however, in the entirety of the facts portion of Plaintiff's Complaint is there any reference to a

"proposed modification agreement dated January 29, 2016" and her "breach of contract cause of

action" at Count I of the Complaint, which is part of a hodgepodge claim for "Breach of

Contract, Fraud and Violation of The Fair Debt Collection Practices Act, 15 U.S.C. 1692", does not contain even a single factual allegation.  Were Count I (and all the claims in the Complaint) not otherwise barred by *res judicata*, it would certainly fail to meet the requisite pleading standard and warrant dismissal on that basis.  *Lemelson v. U.S. Bank, N.A.*, 721 F.3d 18, 21 (1st Cir. 2013)("Dismissal . . . is appropriate 'if the complaint does not set forth factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory'").  For purposes of the instant analysis, though, the Complaint's failure to mention a "proposed modification agreement dated January 29, 2016" illustrates how Plaintiff is now trying to use her Opposition as an opportunity to allege new facts.  This 11th hour gambit at a side-door amendment to her Complaint is improper and the allegations made in the Opposition should be disregarded by the Court in ruling on the Motion.

Indeed, the case law is clear that a Court does not accept additional facts or different characterizations of those facts which surface for the first time in an opposition to a motion to dismiss.  *See, e.g., Johnson v. McDonald*, Civ. No. 12-10908-DPW, 2014 WL 1117931, at *4 (D.Mass. Mar. 17, 2014) ("the Court may not consider any new factual allegations set forth in [plaintiff's] briefing") (citing, *e.g., Steele v. Turner Broad Sys., Inc.*, 607 F.Supp.2d 258, 263 (D. Mass. 2009) ("Assertions in an opposition to a motion are not the equivalent of factual pleadings.")); *Klein v. MHM Correctional Servs., Inc.*, Civ. No. 08-11814-MLW, 2010 WL 3245291, at *2 (D.Mass. Aug. 16, 2010) ("For the purposes of deciding whether a plaintiff's factual allegations are sufficient in the context of a motion to dismiss under Rule 12(b)(6), the court may not look beyond the complaint to facts alleged solely in a plaintiff's moving papers.") (collecting cases).[1]  Accordingly, because Plaintiff's Opposition attempts to allege facts not

---

[1] *See also Keane v. Navarro*, 345 F.Supp.2d 9, 12 (D. Mass. 2004) ("[Plaintiff] attempts to respond by making new allegations in his opposition memorandum . . . .  On a motion to dismiss, however, the Court confines itself to the

otherwise pled in her Complaint, those facts should be disregarded by the Court in ruling on Nationstar's Motion.

II.    **A BREACH OF CONTRACT CLAIM AGAINST NATIONSTAR BASED ON THE JANUARY 29, 2016 LOAN MODIFICATION AGREEMENT FAILS EVEN WHEN CONSIDERED IN SUBSTANCE BECAUSE PLAINTIFF NEVER ACCEPTED THE MODIFICATION AND AS SUCH, THERE WAS NO ENFORCEABLE CONTRACT TO BREACH.**

Even if one were to assume, *arguendo*, the factual allegations portion of the Complaint referenced a "proposed modification agreement dated January 29, 2016" in the context of "the breach of contract cause of action", which it did not, such a claim would nevertheless fail for want of any evidence to suggest that Plaintiff actually accepted said "proposed modification agreement[.]"  The most basic element to a breach of contract claim is the existence of a valid and enforceable contract and on this point it is the plaintiff that "has the burden of proving the existence of a contract." *Jackson Financial Services, LLC v. Mason*, C.A. No. 13-11739-GAO, 2016 WL 5376301, at * 9 (D.Mass., Jul. 19, 2016) citing to *Moore v. La-Z-Boy, Inc*, 639 F. Supp. 2d 136, 140 (D.Mass. 2009).  To carry this burden "plaintiff must prove (1) an offer, (2) acceptance, (3) consideration, (4) breach, and (5) damages."  *Hanigan v. Bank of America, N.A.*,48 F. Supp. 3d 135, 140 (D.Mass. 2014); *see also Jackson Financial Services, LLC*, 2016 WL 5376301, at * 9, citing to *Mass. Cash Register, Inc. v. Comtrex Sys. Corp.*, 901 F. Supp. 404, 415 (D. Mass. 1995)("To recover damages in a breach of contract claim, the plaintiff must prove the existence of a valid and binding agreement, the defendant's breach thereof, and damages resulting from the breach").

---

allegations of the complaint.");  *Martins v. Town of Rockland*, No. 05-P-1428, 2006 WL 2042628, at *1 (Mass.App.Ct. July 21, 2006) (Rule 1:28 Decision) ("These facts are not evident in the complaint, and from the record, it appears that they were presented as a possible cause of injury for the first time in the plaintiffs' opposition to the motion to dismiss. . . .  Such a lax approach to pleading would have the practical effect of obliging a defendant to guess and defend against any conceivable theory of recovery, whether or not it was articulated by the plaintiff."). *See also Foran v. Stryker Sales Corp*., Civ. No. 10-cv-12187-RGS, 2011 WL 652778, at *1 n.3 (D.Mass. Feb. 14, 2011) ("While the . . . letter attached to [plaintiff's] opposition to the motion to dismiss adds some additional relevant information, it is not matter that the court can consider on a motion to dismiss.").

Here, it is the basic requirement of pleading the existence of an enforceable contract that cripples Defendant's attempt to suture the "proposed modification agreement dated January 29, 2016" allegation from the Opposition to the breach of contract claim in Count I because nowhere in either the Opposition or the Complaint is there any evidence to suggest that Plaintiff actually accepted said "modification agreement[.]"  The pleading standard obligates Plaintiff to "set forth factual allegations…respecting each material element necessary to sustain recovery under" a claim for breach of contract (i.e., "(1) an offer, (2) acceptance, (3) consideration, (4) breach, and (5) damages") and having failed to do so, Plaintiff's claim for breach of contract is *not* "plausible on its face[]" and fails as a matter of law as a result.   *Lemelson*, 721 F. 3d at 21; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)).

Respectfully submitted,
DEFENDANT,
NATIONSTAR MORTGAGE LLC
By its attorney,

_____*/s/ David W. Merritt*_____
David W. Merritt, Esquire (BBO No. 672400)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Tel: (617) 790-3000
Fax: (617) 790-3300
dmerritt@bg-llp.com

Dated:  September 1, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) or sent by first-class mail to any persons indicated as non-registered participants on this date. Signed under the pains and penalties of perjury this 1st day of September, 2017.

*/s/ David W. Merritt*

753063 v1/39312/1