UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11906-GAO

CHANDRA JOSEPH-LACET,
Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,
Defendant.

OPINION AND ORDER
September 20, 2017

O'TOOLE, D.J.

This action concerns a dispute regarding the mortgage held by the defendant, Nationstar Mortgage, LLC, on real property owned by the plaintiff, Chandra Joseph-Lacet.

Joseph-Lacet previously brought suit against Nationstar on September 25, 2015, in Suffolk County Superior Court seeking relief on the following claims: "Breach of Contract, Fraud and Violation of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692" (Count I); "Bad Faith, Unfair and Deceptive Acts in Violation of M.G.L. c. 93A" (Count II); "Violation of M.G.L. c. 271, sec. 49, Other Massachusetts and Federal Predatory Lending Laws and Other Laws and Regulations" (Count III); and "Infliction of Emotional and Mental Distress" (Count IV) (hereinafter "the prior action"). (Mem. in Supp. of Def.'s Mot. to Dismiss, Ex. A at ¶¶ 20–29 (dkt. no. 8-1).) The case was removed to this Court pursuant to 28 U.S.C. § 1441. Nationstar subsequently filed a motion to dismiss, which went unopposed by Joseph-Lacet. This Court granted Nationstar's motion to dismiss and entered a judgment of dismissal. See generally Joseph-Lacet v. Nationstar Mortg., C.A. No. 15-13648-GAO (D. Mass.).

Joseph-Lacet filed the present complaint on September 12, 2016, in Suffolk County Superior Court, and Nationstar removed the case to this Court pursuant to 28 U.S.C. § 1441. In her complaint. Joseph-Lacet asserts the following claims against Nationstar: "Breach of Contract, Fraud and Violation of The Fair Debt Collection Practices Act, 15 U.S.C. Section 1692" (Count I); "Bad Faith, Unfair and Deceptive Acts in Violation of M.G.L. c. 93A" (Count II); and "Violation of M.G.L. c. 271, sec. 49, Other Massachusetts and Federal Predatory Lending Laws and Other Laws and Regulations" (Count III). (Compl. ¶¶ 4–11 (dkt. no. 9).) The complaint alleges facts virtually identical to those set forth in the complaint in the prior action except for some differences regarding the value of the property and the outstanding balance on Joseph-Lacet's mortgage. Nationstar has moved to dismiss the complaint as barred by the application of the doctrine of res judicata, and Joseph-Lacet has opposed the motion.

"Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action." Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009) (citing Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994)). "[T]he elements of res judicata are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Gonzalez, 27 F.3d at 755 (citations omitted). For the purposes of a res judicata analysis, if the new complaint "grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical . . . ." Havercombe v. Dep't of Educ., 250 F.3d 1, 4 (1st Cir. 2001) (quoting Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir. 1991)).

It is undisputed that the parties in this case, Joseph-Lacet and Nationstar, were adverse parties in the prior action. Because it was dismissed for failure to state a claim upon which relief

2

could be granted, the prior action was terminated by a final judgment on the merits. See <u>Airframe Sys., Inc. v. Raytheon Co.</u>, 601 F.3d 9, 14 (1st Cir. 2010) (citing <u>AVX Corp. v. Cabot Corp.</u>, 424 F.3d 28, 30 (1st Cir. 2005)). The sole issue now is whether the causes of action in this case are the same as those adjudicated in the prior action.

As described above, the present complaint sets out three of the same counts brought against Nationstar in the prior action, omitting only a claim asserted in the prior action for intentional infliction of emotional distress, and contains almost identical factual allegations. In response to the motion to dismiss, Joseph-Lacet asserts that the claims now pending against Nationstar arise out of a "proposed [loan] modification agreement dated January 29, 2016," which was approximately four months after the prior action was commenced. (Pl.'s Mot. in Opp'n to Def.'s Mot. to Dismiss 1 (dkt. no. 11).)

The reference in the plaintiff's opposition to a "proposed modification agreement dated January 29, 2016," does not establish that the complaint in this case is different from the one in the prior action. In the first place, the *complaint* in this action contains no mention of a "proposed modification agreement dated January 29, 2016." Moreover, it appears from her opposition that the plaintiff in fact refused to enter into any such proposed modification. It is apparently not her contention that the defendant reneged on a modification that was agreed to by the parties, but rather that the defendant failed to offer her a modification agreement to which she was willing to agree. Standing alone, that allegation would not support a viable cause of action. Considered more broadly, the proposed/rejected modification could conceivably be understood as a particular instance of the defendant's bad faith or unfair conduct. But without some further specifics beyond simply the plaintiff's unwillingness to agree to the proposal, the allegation would be inconsequential, even if it were in the complaint, which it is not. As noted, the allegations of bad

faith and unfair conduct by the defendant in both the present and prior complaints are virtually identical. In the prior case, those allegations were determined to be insufficient as a matter of law to state a claim upon which relief could be granted. See Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011) (explaining that a court does not accept as true conclusory legal statements in the complaint). That conclusion bars the reassertion in this case of the same allegations.

In light of the foregoing, Nationstar's Motion to Dismiss (dkt. no. 7) for failure to state a claim upon which relief can be granted by reason of res judicata is GRANTED. This action is DISMISSED. Joseph-Lacet's Motion for Injunctive Relief (dkt. no. 1-2) necessarily lacks merit and is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge